Gaston, Judge.
 

 The statements in the petition as to the persons entitled to the premises, and of their respective shares therein, are wanting in distinctness and precision, and the evidence to establish these statements is as vague. We think it proper, therefore, to adopt a practice which prevails in an-alagous cases in England, which is there found convenient; and which, in our country, where the subdivision of estates, under the law of descents, so greatly increases the difficulty of ascertaining the remote collateral heirs of a deceased person, is almost indispensable. The plaintiffs there, in a bill for partition, state upon the record, their titles and those of the defendants; and whenever there is a difficulty respecting them, the Court directs a reference to ascertain what are the respective interests of the parties; and if it appear that they, or some of them, are entitled to the whole, then a partition is decreed according to the rights of those entitled, dismissing the bill as against those having no right.
 
 Agar
 
 vs.
 
 Fairfax
 
 —and
 
 the same
 
 vs.
 
 Holdsworth,
 
 17 Ves. 552. In this case, indeed, the application is for a sale under our act of 1812
 
 (1
 
 Rev. Stat. ch. 85, sec. 7,) but that sale is but a substitute for partition; and, before it is decreed, there ought to be an ascertainment of the interests of the parties. The Clerk of this Court is therefore directed to make these inquiries. At the same time, he is directed to inquire and report whether a sale of the premises be necessary; and, as the transcript from the Court below does not plainly shew who have been served with process, or appeared as defendants to this petition, and as to whom it has been taken pro
 
 confesso,
 
 he will report thereon also.
 

 Per Curiam. Order accordingly.